## ARNOLD v. COZART.

### Civ. A. No. 2825.

District Court, N. D. Texas, Dallas Division.

Jan. 10, 1948.

Hawkins Golden, of Dallas, Tex., and Howard F. McCue, of Topeka, Kan., for petitioner.

Frank B. Potter, U. S. Atty., of Ft. Worth, Tex., William P. Fonville, Asst. U. S. Atty., of Dallas, Tex., and Lieut.-Col. Nicholas R. Voorhis, of Washington, D. C., for respondent.

ATWELL, District Judge.

A rather lengthy petition was filed, alleging a lack of due process and other jurisdictional questions, for the petitioner who was, and is, a prisoner at the United States Correctional Reformatory at Seagoville, Texas. The usual order was issued thereon, requiring notice to the United States Attorney of the pendency of the action and the production of the petitioner on this day, January 10, 1948.

At that time the court-martial record was introduced by both sides and oral testimony was taken from the petitioner as well as from Lieutenant Kline, Lieutenant Colonel Silvers and other witnesses.

The facts are rather fully stated by Judge Mellott who heard a similar application by Private Anthony, as reported in Anthony v. Hunter, D.C., 71 F.Supp. 823.

At the conclusion of the testimony, and after having heard the argument of counsel, I find the facts to be as follows:

During active warfare in Germany, both Arnold and Anthony were sent out to hunt for and bring in a certain soldier. That mission required the search of a cellar. Instead of confining their search to that particular point, they went a block or two away and at about midnight or 2 o'clock in the morning were accused of having committed this outrage upon three German women. They were identified at that particular time, and later Lieutenant Kline was charged with gathering the exact facts for the preparation of court-martial proceedings, and he made a rather exten-

48

sive investigation and conducted a very searching and careful fulfillment of that duty. As a result of his investigation in obedience to orders, charges ultimately were filed and a court-martial was constituted and the charges were heard upon oral testimony. Counsel was appointed for the prisoners and each prisoner declined to make any statement at the hearing.

They both were convicted and sentenced to death.

Those proceedings were reviewed by the proper authorities and commutations resulted so that each is serving a thirty-five-year sentence.

During this time that the alleged offense was committed and the court-martial held, actual warfare was in progress. The Army was on the forward move. Bullets were flying. Those who gathered the witnesses, as well as those who came and went, were in the firing zone of attacking snipers, as well as the other dangers and eventualities of active warfare.

### Conclusions of Law

■ The court-martial was properly convened. It had jurisdiction of the offense and of the parties. The sentence was within the law. Those facts being irrefutably established, the civil court may not inquire further. Hurse v. Caffey, D.C., 59 F.Supp. 363. An habeas corpus may not act as an appeal nor as a criticising springboard for the civil courts. The petitioner is not illegally confined, but is legally confined and must be remanded to the custody of the Warden, Reed Cozart.