## LINER v. COZART.
### No. 3185.

United States District Court
N. D. Texas, Dallas Division.
Oct. 27, 1948.

Anthony A. May, of Atlanta, Ga., for plaintiff.

William P. Fonville, Asst. U. S. Dist. Atty., of Dallas, Tex., and Lieut.-Col. Nicholas R. Voorhis, J.A.G.D. of Washington, D. C., for defendant.

ATWELL, Chief Judge.

Petitioner's representations in his application for the writ covered three points which the court considered so serious that the order was entered for the protection of the petitioner in open court on this day. He charged that he had no counsel, that the charges were not made known to him, and that his witnesses were not called.

The return of the respondent with the entire court-martial file, and the testimony given at this hearing refute the petitioner's claim. The counsel furnished to the petitioner was not a licensed attorney-at-law, but he was a Captain, and, subsequently, a Major in the United States Army who had large experience in the representation of servicemen charged with the serious offenses of murder and rape. He had also sat, upon different occasions, as a member of courts-martial. He was, and is, able.

The charges were regularly taken in accordance with the Articles of War, 10 U.S.C.A. § 1471 et seq. and were fully made known to the petitioner.

As to the witnesses, there were only two; one was the little girl who was raped, and the other was the Russian soldier who was a particeps criminis and who spoke German and who went to the German home and persuaded the girl to come out and then caught her by the arm and took her into the woods and assisted in taking off her clothes, especially her underclothes, and stood guard while the petitioner had sexual relations with her. The examining physician testified that she was a virgin, and that her private parts showed irritation and the use of force, and that the private parts of the petitioner showed irritation and that some of the emission was on the child's garments which were under her.

That being the situation as to the witnesses' testimony, the counsel for the petitioner determined that the securing of those witnesses to testify in person would be damaging to the petitioner, and, therefore, they were not called. He was eminently wise with reference to his advice to the petitioner with respect to that.

This court-martial was held at a time when actual warfare was in progress. The soldiers were engaged in finishing the driving out of the enemy and the liquidation of snipers and others.

There being complete jurisdiction by the court-martial, and no lack of due process, see Arnold v. Cozart, D.C., 75 F.Supp. 47; Flackman v. Hunter, D.C., 75 F.Supp. 871, 872, the petitioner is remanded to the custody of the warden of the Seagoville prison.